```
                                   UNITED STATES DISTRICT COURT
                                   SOUTHERN DISTRICT OF FLORIDA

                                   CASE NO. 08-61610-Civ-LENARD
                                           (06-60210-Cr-LENARD)
                                   MAGISTRATE JUDGE P. A. WHITE
STENNETH BARNETT,                 :

        Movant,                   :
                                              REPORT OF
v.                                :        MAGISTRATE JUDGE

UNITED STATES OF AMERICA,         :

        Respondent.               :
_____
```

This motion to vacate pursuant to 28 U.S.C. §2255 was filed by the movant on September 29, 2008.[1] (Cv-DE#1). The judgment of conviction in the underlying criminal case became final at the latest on March 27, 2007, ten days after the entry of judgment (Cr-DE#20), when time expired for filing a notice of appeal.[2]

Briefly, the procedural history of this case reveals as follows. The movant was charged with and pleaded guilty to illegal re-entry by an aggravated felon after deportation and social security fraud. (Cr-DE#20).

Prior to sentencing, a PSI was prepared which set the movant's initial base offense level at 8, pursuant to U.S.S.G. §2L1.2, the guideline applicable to offenses for illegal reentry. (PSI ¶22).

---

[1] A pro se prisoner's motion to vacate sentence or petition for writ of habeas corpus is deemed to be filed on the date that it was signed, executed, and delivered to prison officials, for purposes of AEDPA's one-year limitations period. Adams v. United States, 173 F.3d 1339 (11th Cir. 1999).

[2] Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time for filing a direct appeal expires. Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). The time for filing a direct appeal expires ten days after the judgment or order being appealed is entered. Fed.R.App.P. 4(b)(1)(A)(I). The judgment is "entered" when it is entered on the docket by the Clerk of Court. Fed.R.App.P. 4(b)(6). On December 1, 2002, Fed.R.App.P. 26 which contains the rules on computing and extending time, was amended so that intermediate weekends and holidays are excluded from the time computation for all pleadings due in less than 11 days.

Because the movant was previously deported or unlawfully remained in the United States after a conviction for attempted trafficking in marijuana, pursuant to U.S.S.G. §2L1.2(b)(1)(B), an additional 12 levels were added to the initial base offense level, resulting in an adjusted base offense level 20. (PSI ¶¶23,27). The base offense level was then reduced three levels based on acceptance of responsibility, resulting in a total adjusted base offense level 17. (PSI ¶¶29-31).

The probation officer next determined that the movant had a total of 12 criminal history points, resulting in a criminal history category V. (PSI ¶¶38-41). Based on a total offense level 17 and a criminal history category V, the resulting guideline range was 46 to 57 months in prison. (PSI ¶72).

On March 13, 2007, the movant was sentenced at the low end of the applicable guideline range to two concurrent terms of 46 months in prison, followed by three years supervised release. (Cr-DE#20). No direct appeal was filed. Thus, the movant's conviction became final on March 27, 2007.

Over one year later, on July 21, 2008, the movant returned to this court, filing a motion to modify sentence and petition for deportation. (Cr-DE#s21,23). On September 11, 2008, the court denied the motion. (Cr-DE#24).

The movant then filed this §2255 motion on September 29, 2008, over one year from the time his conviction became final, and several weeks after the court's denial of his motion to modify sentence. (Cv-DE#1).

Pursuant to 28 U.S.C. §2255, as amended April 24, 1996, a one year period of limitations applies to a §2255 motion to vacate. The

one year period runs from the latest of:

> (1) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by such governmental action;
>
> (3) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) The date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

The key inquiry in this case is whether or not the movant exercised due diligence under Johnson v. United States, 544 U.S. 295 (2005). In Johnson, the Supreme Court made clear that the vacatur of a state conviction does qualify as a "fact" under §2255, and that the limitations period thus begins to run on the date on which the movant received notice of the state court vacatur. Johnson, 544 U.S. at 307-08.

However, Johnson, also requires a movant to show due diligence in obtaining the vacatur of their predicate state court convictions in order to rely on §2244(4) limitations period. Johnson, 544 U.S. at 308. Diligence is shown by the movant's prompt filing of a state habeas petition, as measured from the date the judgment was entered on the enhanced federal sentence. Johnson, 544 U.S. at 308. Where the petitioner in Johnson filed his state habeas petition more than three years following entry of his federal judgment, his actions "fell far short of reasonable diligence in challenging the state conviction." Id. at 309. Moreover, the Supreme Court reasoned that the petitioner's explanations for the delay, namely his lack of

3

sophistication and *pro se* status, did not excuse his dilatoriness. Id. With a delay greater than three years in seeking state court relief and without any excusable basis for the delay, Johnson's failure to exercise due diligence rendered his habeas petition untimely under §2255. Id.

In this case, the movant appears to argue that two prior state court convictions should not have been assessed criminal history points because his probation in those cases were successfully terminated prior to his change of plea in this federal proceeding. He appears to argue that, upon receipt from the state of a copy of the order of termination verifying that fact, he filed his §2255 motion shortly thereafter. As narrated above, however, the probation as to these state court convictions was terminated in 2006, prior to the movant's change of plea here. In this case, there is nothing of record to suggest that the state court vacated his prior convictions, but rather, the documents in support thereof reflect that he completed the probationary portion of his convictions. It is evident that receipt of the order from the state court verifying this fact does not excuse the untimely filing of this federal petition, as the movant was aware as early on as 2006 that his probation in the state court was terminated. He did not act diligently in prosecuting this federal petition.

The movant was aware as early on as the time of his federal sentence that his sentence was based, in part, on his prior state convictions. The movant, rather than diligently filing this federal proceeding, embarked on a fishing expedition to gather state court documents in order to ascertain what he already knew, to-wit, that his probation had been terminated in those prior state court cases. The movant did not act diligently during this period of time. See Rodriquez v. United States, 186 Fed.Appx. 857, 859 (11th Cir. 2006)(noting that a 21-month delay is questionable under Johnson);

4

Wright v. United States, 2007 WL 3090804, at *4 (M.D. Ga. 2007)(finding that petitioner did not exercise due diligence because he waited between 22 and 24 months after receiving federal sentence to seek vacatur of state conviction).

The movant next appears to argue that the law library were he was confined was inadequate. The movant, however, has not alleged a total denial of access to a law library, or an absolute deprivation of access to all legal materials. Even if this Court were to accept the petitioner's contention that the law libraries where he has been confined in the state system were inadequate because they lacked certain needed state and/or federal court materials, such a fact clearly did not prevent the petitioner from pursuing state postconviction relief. The petitioner has in no way demonstrated that he was actually impeded by any unconstitutional state action in timely filing this federal petition for writ of habeas corpus. Bare allegations of denial of access to a law library are not sufficient, standing alone, to entitle a petitioner to equitable tolling. See, e.g., Miller v. Marr, 141 F.3d 976, 978 (10 Cir. 1998)(stating that "Mr. Miller has provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims.... It is not enough to say that the Minnesota facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."); see also, Akins v. United States, 204 F.3d 1086 (11th Cir. 200)). Instead, a movant must come forward with evidence regarding the steps he took to diligently pursue his remedies during the time that he was deprived of access to legal materials.

The movant's conclusory allegations regarding insufficient

access to a law library do not justify equitable tolling.[3] The movant's failure to do so renders his argument for equitable tolling unpersuasive. See Gonzales v. Williams, 60 Fed.Appx. 245, 2003 WL 1384028 (10 Cir. 2003)(holding that finding that habeas petitioner was not entitled to equitable tolling of one-year limitations period on basis of lack of access to law library was not reasonably debatable, because petitioner offered no evidence regarding steps he took to diligently pursue remedies during time he was deprived of access to law library but relied solely on bare allegations of temporary denial of access without explaining his delay after he was transferred to a prison with legal materials). Thus, not only is equitable tolling not appropriate for the reasons alleged, but statutory tolling is also unwarranted.

Even if this federal proceeding were timely, the movant is still entitled to no relief on the merits. As part of the negotiated plea agreement, the movant agreed to waive his right to a direct appeal, or to appeal the manner in which the sentence was imposed. (Cr-DE#17). The Eleventh Circuit has held that "[A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005); see also, Leach v. United States, 171 Fed.Appx. 765 (11th Cir. 2006); Johnson v. United States, 2007 WL 4615236 *5-6 (S.D. Fla. 2007). As concluded correctly by the Williams court, to hold otherwise would permit the movant "to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the

---

[3] Absent supporting evidence in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative value. Ross v. Estelle, 694 F.2d 1008, 1011-12 (5 Cir. 1983).

6

waiver meaningless." Williams v. United States, supra. A waiver is knowing and voluntary if 1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or 2) the record demonstrates that the defendant understood the full significance of the waiver. Id. The movant has not claimed, let alone demonstrated, that the plea was anything other than knowing and voluntary. To the contrary, the movant acknowledges that the plea was "un-coerced" and as a result of an "agreed upon minimum guideline sentence." (Cv-DE#1:2). Thus, the movant's allegation that counsel failed to object to the criminal history points assessed are covered by the appeal waiver and therefore not subject to collateral attack in this proceeding.[4]

In conclusion, the movant has not demonstrated that he diligently pursued state collateral relief following imposition of his federal sentence. The time-bar is ultimately the result of the movant's failure to properly and timely prosecute this federal habeas corpus petition. It is therefore recommended that this motion to vacate be dismissed as time-barred, and alternatively denied on the merits.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

---

[4] Moreover, after independent review of the record, it appears that the probation officer properly assessed the criminal history points under attack here. Regarding the prior convictions where probation had been terminated, the probation officer properly calculated two points pursuant to U.S.S.G. §4A1.1(b), and an additional two points were added because the movant committed the offense of conviction under attack here while he was on probation in those state court cases.

Signed this 10th day of December, 2008.

_____
UNITED STATES MAGISTRATE JUDGE


cc:   Stenneth Barnett, Pro Se
      DC#L15187/Reg. No. 77146-004
      Moore Haven Correctional Facility
      P. O. Box 718501
      1900 East State Road 78 NW
      Moore Haven, FL 33471

      Lynn D. Rosenthal, AUSA
      U.S. Attorney's Office
      500 East Broward Boulevard, 7th Floor
      Fort Lauderdale, FL 33394