UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61610-CIV-LENARD/WHITE
(Related Criminal Case: 06-60210-CR-LENARD)

**STENNETH BARNETT**,

        Movant,

vs.

**UNITED STATES OF AMERICA,**

        Respondent.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE (D.E. 12); DENYING MOTION TO VACATE, SET
ASIDE, OR CORRECT SENTENCE 28 U.S.C. § 2255 (D.E. 1);
AND DISMISSING CASE**

**THIS CAUSE** is before the Court on the Report and Recommendation of Magistrate Judge Patrick A. White ("Report," D.E. 12), issued on December 11, 2008. In his Report, Magistrate Judge White recommends that the Court deny Movant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Motion," D.E. 1). Movant filed Objections to the Report on December 30, 2008 (D.E. 13). The Court has conducted a <u>de novo</u> review of the Motion, the Report, the Objections, and the record, and finds as follows:

**I.**     **The Motion and Report of the Magistrate Judge**

    A.     Background

Movant was charged with and pleaded guilty to illegal re-entry by an aggravated felon

after deportation and social security fraud. (D.E. 12 at 1.)¹ Prior to Movant's sentencing, a PSI was prepared which, based on a total offense level 17 and a criminal history category V, set forth a sentence guideline range of 46 to 57 months in prison. (Id. at 2.) On March 13, 2007, Movant was sentenced at the low end of the applicable guideline range to two concurrent terms of 46 months in prison, followed by three years supervised release. (Id.) No direct appeal was filed. (Id.) Thus, Movant's conviction became final on March 27, 2007.² (Id.)

Over one year later, on July 21, 2008, Movant returned to this Court, filing a motion to modify sentence and petition for deportation. (See 06-60210-CR-LENARD, D.E. 21 and 23.) On September 11, 2008, the Court denied the motion. (See 06-60210-CR-LENARD, D.E. 24.) Movant then filed the instant §2255 motion on September 29, 2008, roughly a year and a half from the time his conviction became final, and several weeks after the court's denial of his motion to modify sentence. (D.E. 1.).

Movant contends that his sentence was improperly calculated based on errors in the

---

¹ Citations to docket entries refer to docket entries in this civil case unless otherwise noted.

² Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time for filing a direct appeal expires. Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). The time for filing a direct appeal expires ten days after the judgment or order being appealed is entered. Fed. R. App. P. 4(b)(1)(A)(I). The judgment is "entered" when it is entered on the docket by the Clerk of Court. Fed. R. App. P. 4(b)(6). On December 1, 2002, Fed. R. App. P. 26 which contains the rules on computing and extending time, was amended so that intermediate weekends and holidays are excluded from the time computation for all pleadings due in less than 11 days.

PSI. Movant contends that one of the errors involved an improper calculation of his criminal history based on state court probation that, unknown to Movant, had terminated prior to his guilty plea.

      B.    The Report

The Magistrate recommends that this Court deny this Motion based on two independent grounds. First, the Magistrate Judge finds that Movant is time-barred pursuant to 28 U.S.C. § 2255, which provides that a one year statute of limitations applies to § 2255 motions to vacate. Movant contends that the one year statute of limitations did not run until he received verification that his probation imposed by the state court had terminated; therefore, as he filed his Motion within one year of learning of this information through the exercise of due diligence, his Motion is timely. The Magistrate Judge finds this argument specious: first, because Movant's probation had expired prior to his plea agreement, the fact of which Movant should have been well aware; and second, because Movant's "fishing expedition" for documents verifying the expiration of his probation, conducted in the interim between his conviction and the filing of the instant Motion, did not constitute due diligence excusing the tolling of the statute of limitations. The Magistrate Judge also finds that Movant's arguments regarding his prison's inadequate law library were insufficient to justify equitable tolling of the statute of limitations. The Magistrate Judge's second grounds for denying the motion is that Movant's negotiated plea agreement waived Movant's right to appeal his sentence or the manner in which it was imposed. (See 06-60210-CR-LENARD,

3

D.E. 17 at 5.)

      C.    Objections

In his Objections, Movant attempts to show that the statute of limitations did not run on his Motion. However, much of his Objections appears to be devoted to his efforts to appeal other unrelated state court charges through the Florida state appeals courts. Movant does not provide any detailed reason for his failure to discover that his probation was vacated besides stating that he simply was unaware that it had been vacated. Movant fails to address the appeal waiver in his plea agreement in his Objections.

**II.    Discussion**

Motions to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 are subject to a one year statute of limitations. The limitation period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). It is undisputed that the Motion was filed more than one year after his sentence in the underlying criminal case became final. Movant appears to argue that the statute of limitations did not begin to run until he received notice from his attorney that his probation had been terminated pursuant to 28 U.S.C. § 2255(f)(4). However, as documented

by Movant, see D.E. 7 at 6, his probation was terminated on December 2, 2005, prior to his guilty plea, and Movant has failed to satisfy his burden of showing that he could not have discovered the termination of his probation through due diligence prior to the running of the one year statute of limitations. Simply saying that he did not know without demonstrating why he could not have discovered the termination of his probation is insufficient to show due diligence; he must show "reasonable efforts." See Aron v. United States, 291 F.3d 708, 712 (11th Cir. 2002) (holding that due diligence "does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts.") Movant has not shown reasonable efforts.

Additionally, as noted above, Movant does not address the Magistrate Judge's finding that he is not entitled to relief on the merits of his Motion because he waived his rights to appeal his sentence. See 28 U.S.C. § 636(b)(1) (district court is only required to make "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). Thus, Movant cannot argue that his counsel was ineffective in failing to correct the alleged sentence violation. The Eleventh Circuit has held that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005). There is no evidence on the record that Movant's entrance into the plea agreement was unknowing or

5

involuntary.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The Report of Magistrate Judge Patrick A. White (D.E. 12), issued on December 11, 2008, is **ADOPTED**.

2. The Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (D.E. 1), filed on or about September 29, 2008, is **DENIED**.

3. This case is **CLOSED**.

4. All pending motions not otherwise ruled upon are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida this 6th day of March, 2009.

*[signature]*

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**